United States Courts
Southern District of Texas
ENTERED

FEB 1 4 2006

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FELIPE PENA VALARDE § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-0487 |
| § | |
| SHARON HUDSON § | |
| DISTRICT DIRECTOR § | |
| BUREAU OF IMMIGRATION § | |
| AND CITIZENSHIP § | |
| SERVICES-HOUSTON DISTRICT § | |
| Respondent. § | |

## MEMORANDUM AND OPINION

The petitioner, Felipe Pena Valarde, is presently in custody of the Bureau of Immigration and Citizenship Services-Houston District, and detained in the Jefferson County Jail in Beaumont, Texas. He seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge an order of removal.

Under section 106 of the Real ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), codified at 8 U.S.C. § 1252(a), immigration habeas petitions are subject to the following jurisdictional provision:

> (5) Exclusive Means of Review–Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) of this section.

This provision applies in all cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of the Real ID Act. *See* 8 U.S.C. § 1252 note (Real ID Act § 106(b)). The exclusive jurisdiction provisions of the Real ID Act apply to this writ of habeas corpus.

When a federal habeas corpus petition challenges an order of removal, deportation, or exclusion, Congress has provided that a district court "shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed . . . ." 8 U.S.C. § 1252 note (Real ID Act § 106(c)). Because Felipe Pena Valarde challenges a removal order, transfer is appropriate.

The Clerk is ORDERED to transfer this application for writ of habeas corpus to the Clerk of the United States Court of Appeals for the Fifth Circuit.

SIGNED at Houston, Texas, on February 14, 2006.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**